UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MARC ANTHONY DELP,**

    Plaintiff,

v.                                        Case No. 2:21-cv-953-SPC-NPM

**MIDLAND MORTGAGE,**

    Defendant.

---

## REPORT AND RECOMMENDATION

Plaintiff Marc Delp seeks leave to proceed in forma pauperis (Docs. 2, 3), that is, to prosecute this action without paying the filing fee and with the government's assistance to effect service of process.

When deciding indigency status, the court must screen the complaint and dismiss if "the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Delp completed a form complaint stating:

> Cause(s) of action exist from divergent paths taken by both the mortgage note and the deed of trust; E.g., A cloud on all title activity exists due to no definitive claimant of ownership of the note(s), due to divergent paths taken by both the mortgage note and by the deed of trust.

(Doc. 1 at 4). Delp goes on to describe the facts underlying his claims as:

> Plaintiff's Denial of Right to Due Process and constitutional rights per improper mortgage company procedures, both servicing through an independent broker/realtor, and otherwise, and including, but not limited to, improper noticing for mortgage note and deed activities. (*I.e.*, Divergent paths for both stipulate relevant causes of action). This action cites: Fraud,

>Negligence, and Misrepresentation attributed to Defendant's multiple violations of ignoring proper loan procedures.

(Doc. 1 at 5).

Delp then asks the court for what appears to be a request for an injunction, stating: "Defendants' (sic) have no legal right, tittle (sic), or interest in real property which is the subject of this action … 551 AZALEA AVE NW., PT. CHARLOTTE, FL 33952." (Doc. 1 at 5). Delp also seeks "monetary and punitive damages in the amount of $300,000.00." (*Id.*).

Rule 8 requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. FED. R. CIV. P. 8(a)(2), (d)(1). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And while complaints by non-lawyers are held to less stringent standards than pleadings drafted by lawyers, no one is exempt from complying with the federal rules, including Rule 8(a)(2)'s pleading standard.

Even liberally construed, Delp's complaint is vague, conclusory, and appears to be a template complaint routinely advanced by pro se plaintiffs throughout the

country and frequently rejected by courts.[1] Delp's complaint is devoid of facts in support of any claim against the defendant. Accordingly, Delp fails to state a claim against the defendant that is remotely plausible on its face. *See* FED. R. CIV. P. 12(b)(6); *see also Iqbal*, 556 U.S. at 678.

Further, granting leave to amend here would be futile. *See Vongsvirates*, 2020 WL 3841269, *4 (holding that granting leave to amend would be futile in an action involving a similar template complaint). Not only has Delp failed to state a claim, he *cannot* state a claim. The conclusory, template language in the complaint is nonsensical. The futility of allowing amendment here is exemplified by Delp's references to Due Process and the constitution, claims that generally cannot be brought against a private company.

---

[1] *See, e.g.*, *Vongsvirates v. Wells Fargo Bank N.A.*, No. 120-cv-00474-NONE-JLT, 2020 WL 3841269 (E.D. Cal. July 8, 2020), report and recommendation adopted, No. 120-cv-00474-NONE-JLT, 2020 WL 4570697 (E.D. Cal. Aug. 7, 2020); *Bridgewater v. 5800 Seward, LLC*, No. 5:19-cv-00159-BO, 2019 WL 2754484 (E.D.N.C. June 10, 2019), report and recommendation adopted, No. 5:19-cv-159-BO, 2019 WL 2754813 (E.D.N.C. July 1, 2019), appeal dismissed and remanded, 828 F. App'x 920 (4th Cir. 2020); *Adams v. Wells Fargo Bank*, No. cv 17-12092-FDS, 2018 WL 3421859 (D. Mass. July 12, 2018).

Because Delp's complaint does not provide defendant with fair notice of the wrongs it has allegedly committed or state a claim upon which relief may be granted, the court recommends the complaint (Doc. 1) be **DISMISSED** without prejudice for failure to state a claim; Delp's motions for leave to proceed in forma pauperis (Docs. 2, 3) be **DENIED**; and the clerk close the file.

Respectfully recommended on August 26, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**